IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RICHARD A. DERGE,

               Plaintiff,                 OPINION AND ORDER

v.                                                 15-cv-129-wmc

LOIS REYNOLDS and DEBRA HALL,

               Defendant.

Plaintiff Richard A. Derge has filed a proposed civil action for damages. Because Derge seeks leave to proceed without prepayment of fees and costs, the court must review the proposed complaint to determine if his allegations are (1) frivolous or malicious, (2) fail to state a claim on which relief may be granted, or (3) seek money damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). In addressing any *pro se* litigant's complaint, the court must construe the allegations generously. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this lenient standard, Derge's request for leave to proceed must be denied for reasons set forth below.

## ALLEGATIONS OF FACT

Derge is a resident of Madison, Wisconsin. He purports to sue Lois Reynolds, who is a claims adjuster for an insurance company (Statewide Services, Inc.) in Madison, as well as Debra Hall in her capacity as the City Clerk for Marshfield, Wisconsin.

Despite his later conviction, Derge claims he was "wrongfully" arrested on February 25, 2013, by police from Marshfield and Wood County.[1] During that incident, police seized and searched Derge's 1993 Dodge van "without probable cause." The van was towed and impounded by the City of Marshfield, where it apparently remains.

---

[1] Court records disclose that Derge was arrested and charged with two counts of disorderly conduct and resisting or obstructing an officer. *See State of Wisconsin v. Richard A. Derge*, Wood County Case No. 2013CF110. *See* Wisconsin Circuit Court Access, http://wcca.wicourts.gov (last visited March 3, 2015). Derge was convicted of those charges after pleading no contest on January 26, 2015. *Id.*

Derge contends that his van was damaged and that it is being held at an "extortionary rate." Derge submitted a claim to the City Clerk for the City of Marshfield and the City of Marshfield's insurer (Statewide Services Inc.) in the amount of $1,100,000.00 for damages to his van and the loss of its contents. To date, the claim has not been paid. Therefore, Derge seeks damages against Reynolds and Hall.

## OPINION

Unlike state courts, which have subject matter jurisdiction over a broad assortment of causes and claims, the jurisdiction of federal courts is limited only to "cases or controversies" that are "authorized by Article III of the [United States] Constitution and the statutes enacted by Congress pursuant thereto." *Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). In other words, "[a] federal court is the wrong forum when there is no case or controversy, or when Congress has not authorized it to resolve a particular kind of dispute." *Morrison v. YTB Intern., Inc.*, 649 F.3d 533, 536 (7th Cir. 2011) (explaining that "subject-matter jurisdiction is a synonym for adjudicatory competence").

Because of the limits on federal judicial power, district courts have a duty to evaluate subject-matter jurisdiction - - even if the parties do not raise this issue - - before reaching the merits of a case. *See Buchel-Ruegsegger*, 576 F.3d at 453. If a district court determines at any time that it lacks subject matter jurisdiction, it "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Generally, a federal court such as this one has the authority to hear two types of cases: (1) cases in which a plaintiff alleges a cognizable violation of his rights under the Constitution or federal law; and (2) cases in which a citizen of one state alleges a violation of

his or her rights established under state law by a citizen of another state where the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331-32. Assuming that all of Derge's allegations are true, his case falls into neither category.

On the face of the complaint, all of the parties involved here appear to reside in Wisconsin, meaning that there is no diversity of citizenship. Even if this were not so, it seems highly unlikely that the value of a 1993 Dodge van, its contents and any reasonably related damages for an apparently lawfully seized (if allegedly wrongfully held) vehicle could exceed $75,000, despite Derge's claim to the contrary. Regardless, Derge has not sufficiently pled diversity jurisdiction to proceed in federal court on that basis.

As for federal question jurisdiction, the only possible claim here would appear to be a denial of due process. (Derge does not allege that defendants took his van, but rather are holding it unreasonably.) However, the court takes judicial notice that Derge has an adequate, obvious and available post-deprivation remedy in the form of a claim for conversion and a right to request the return of seized property under Wis. Stat. § 968.20(1), which he does not appear to have pursued. Thus, Derge does not appear to have a viable claim based on federal law. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Parratt v. Taylor*, 451 U.S. 527, 541 (1981) (holding that loss of property by state officials does not present a cognizable due process claim when state tort remedies provided adequate relief for the deprivation), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Absent a valid basis for jurisdiction, this court can take no further action. Derge's remedy, if any, is in state court.

ORDER

IT IS ORDERED that plaintiff Richard A. Derge's request for leave to proceed is DENIED and the complaint is DISMISSED without prejudice pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

Entered this 3rd day of March, 2015.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge